## BUCHAN v. PAT'S PLUMBING.

Industrial Commission

October 9, 1952.

Kirk Sullivan, West Palm Beach, for claimant.

Culver Smith of Earnest, Lewis, Smith & Jones, West Palm Beach, for employer and insurance carrier.

JAMES R. KNOTT, Deputy Commissioner.

On June 23, 1949, Augustus Buchan sustained an accident involving brain injury in the course of his employment with Pat's Plumbing, in Ft. Lauderdale, Florida. His average weekly earnings at the time of the injury were $115. He was furnished with medical attention by the insurance carrier for his employer for a period

of several months following his injury, and was paid compensation for temporary total disability until September 6, 1949. On the date last mentioned, he returned to work, but began to suffer mental symptoms of varying and gradually increasing severity, with intermittent periods of temporary improvement, until January 10, 1952, when he was judicially declared insane and committed to the Florida State Hospital. Prior to his final mental breakdown on December 14, 1951, he was disabled for work by his mental condition from February 21, 1950 to August 15, 1950, from October 16, 1950 to October 26, 1950, from March 21, 1951 to April 26, 1951, and from October 24, 1951 to November 13, 1951, a total of 34 weeks. The medical evidence sustains the conclusion that Buchan will be permanently and totally disabled by his condition, diagnosed by his attending physician at the Florida State Hospital as post-traumatic cerebral encephalopathy.

Mrs. Mabel Buchan, wife of Augustus Buchan, as his duly appointed guardian, claims to be entitled to further benefits of the workmen's compensation act on account of his injury, contending that his disabling mental symptoms since the time his compensation payments were suspended have been and are due to the injury of June 23, 1949. The insurance carrier denies liability on the grounds (1) that her claim is barred by the two-year limitations statute because it was not filed within two years after the date of the last payment of compensation to Buchan, and (2) that his disabling mental symptoms are not attributable to his injury.

Mrs. Buchan's claim was filed with the commission on April 19, 1952, more than two years after the date of the last payment of compensation on September 6, 1949, and would therefore under ordinary circumstances be barred under the provisions of section 440.19(1), Florida Statutes 1951. However, the two-year statute of limitations must be interpreted in the light of section 440.19(3), which provides as follows—

> If a person who is entitled to compensation under this chapter is mentally incompetent or a minor, the provisions of subsection (1) shall not be applicable so long as such person has no guardian or other authorized representative, but shall be applicable in the case of a person who is mentally incompetent or a minor from the date of appointment of such guardian or other representative, or in the case of a minor, if no guardian is appointed before he becomes of age, from the date he becomes of age.

The evidence shows that since March 1951, if not before that time, Buchan has been mentally incompetent, although a guardian was not appointed for him until January 10, 1952. It is thus ap-

parent that the present claim is not barred by the statute of limitations.

The weight of the evidence shows that Buchan's disabling symptoms since the time his compensation payments were suspended have been and are due to his injury of June 23, 1949, and that his guardian is entitled to an award of compensation and medical benefits as hereinafter set forth.

Upon consideration, it is ordered that the insurance carrier pay—

1. To Mrs. Mabel Buchan, as guardian of the estate of Augustus Buchan, the sum of $748, representing compensation at the rate of $22 per week for temporary total disability aggregating 34 weeks, ending November 13, 1951.

2. To Mrs. Mabel Buchan, as guardian aforesaid, compensation at the rate of $22 per week for Buchan's total disability beginning December 14, 1951, and extending to the date hereof. Such payments shall be brought to a current basis, and shall be continued until modified or terminated in accordance with the provisions of the Act.

3. To Mrs. Buchan, as guardian aforesaid, the expenses incurred by Buchan for medical and other remedial treatment and care, including medicines, due to conditions associated with his said injury.

4. To Kirk Sullivan, Esq., the sum of $1,000 as a reasonable fee for his legal services in behalf of the claimant.

The costs of this proceeding are taxed against the carrier, including but not limited to the sum of $25.50 expended for the services of a court reporter incident to the deposition of Dr. J. B. O'Conner, of the Florida State Hospital.